# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LISA WEST, et al., on behalf of themselves and others similarly situated,

       Plaintiffs,

vs.

CHAPARRAL ENERGY, LLC, et al.,

       Defendants.

Case No. CIV-16-264-F

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS

**Post-Bankruptcy Earthquakes.** Four earthquakes struck near Jacks, OK recently: 1) a 3.9 on October 31; two 3.7s on November 1, and a 3.5 on November 2. The shake map from the USGS for the 3.9 on October 31 is shown in Figure 1, below ("Jacks Swarm").



**Figure 1: Shake Map from M 3.9 on Oct. 31**

The light blue line running though Edmond and containing Guthrie indicates that this earthquake was perceived as a Modified Mercali ("MM") 3 in both Edmond and Guthrie, where named plaintiffs reside.

While not conclusive proof of causation, the OCC determined that a modification in operations to two wells directly connected to the Jacks Swarm would "reduce the risk of earthquakes." Thus, the OCC issued a directive to affect such operational modification. One of the two affected wells was operated by Chaparral. See Exhibit 1 (OCC documents).

Just one week after the Jacks Swarm, Chaparral concluded that it was technically feasible to rework its injection well to cease injections into the Arbuckle. See Exhibit 1 at pp. 1 and 2. Plans were made to switch injections into one or two shallower formations: the Ordovician and possibly the Hunton. It was a simple change in operations to dramatically reduce the additional risk posed by future wastewater injection.

This history illustrates that 1) Chaparral's post-bankruptcy operations have caused an increased risk in the occurrence of significant earthquakes and their actions will continue to do so; 2) identifying wells posing a risk to cause additional earthquakes can be straightforward and may only implicate a couple of operators for an earthquake swarm; and 3) by switching to a different injection zone, Defendants can quickly reduce the risk posed by ongoing injection operations.[1]

**Art. 2, § 6 of the Okla. Const**. Defendants seek to minimize the import of Art. 2, § 6 of the Okla. Constitution citing three cases which state that section does not guarantee any particular *remedy* for a particular *wrong*. Its primary import here, however, is to emphasize the bias in Oklahoma law in *favor* of finding a *remedy* for *wrongs*. This distinction is evident in the cases cited by Defendants. For example, the issue in

---

[1] Future risk caused by past injections into the Arbuckle will remain elevated for years or even decades. See Sec. Am. Pet. at ¶62 ("there is no instant off-switch").

*McCormick v. Halliburton Co.*, 895 F. Supp. 2d 1152, 1155-56 (W.D. Okla. 2012) was whether Oklahoma law would support medical monitoring *for individuals who had no known injuries. Id.,* 1153 (plaintiffs who have been exposed to hazardous waste but who have not yet suffered person injury). The court in *McCormick* unsurprisingly found that §6 could not create a remedy for a harm that did not exist. Plaintiffs here have specifically articulated the harms they have suffered in significant detail.

Defendant also cited *Rollings v. Thermodyne Indus.,* 1996 OK 6, 910 P.2d 1030 for the proposition that §6 cannot support Plaintiffs requests for a remedy. *Rollings* plaintiffs, however, filed suit *after* voluntarily entering into an arbitration agreement and defendants moved to compel arbitration. Plaintiffs argued that even though they entered into the arbitration agreement willingly, Article 2, § 6 and Article 23, § 8 (contracts), prohibited their waiver of any rights granted by those provisions. *Id.* at ¶¶ 5-6. The Court found that nothing in Oklahoma law invalidated properly executed releases or waivers such as plea bargains and arbitration agreements. *Id.* at ¶ 8. Thus, the Court opined that the constitutional provisions guaranteed access to the courts and required that a "complainant must be given access to a court if he has suffered a wrong which is recognized in the law." *Rollings v. Thermodyne Indus.*, 1996 OK 6, ¶ 9.

Finally, *Nash v. Baker*, 1974 OK CIV APP 19, 522 P.2d 1335 examined whether Oklahoma recognized a right of a minor child to recover from a third-party for the break-up of the parents' marriage. *Id.* at ¶¶ 6, 7. *Nash* found that this claim was no longer valid in Oklahoma and stated that Article 2, § 6 could not simply create a remedy for a claim Oklahoma law did not recognize. *Nash,* 1974 OK CIV APP at ¶8 ("section does not

promise a remedy to every complainant, not even to every complainant who suffers financial loss or disadvantage or disappointment, but only to such as have suffered a 'legal wrong'"). Defendants have not, in any of the numerous briefing, firmly established that the types of claims and injuries Plaintiffs allege are *prohibited* in Oklahoma. Article 2, §6 of the Constitution cannot *create* a claim that is not recognized, but it certainly allows the court to create a *remedy* for a wrong that *is* cognizable in Oklahoma. § 6 also indicates Oklahoma's legal bias in favor of finding a remedy.

**Abrogation of Joint and Several**. Defendants argue that before "Plaintiffs worry about how liability might be apportioned among Defendants if Plaintiffs prevail, they must establish each Defendant's liability in the first instance." [Doc. 307 p. 7]. Defendants cite to two iterations of *Reece v. AES Corp.,* a 2014 opinion from the Eastern District of Oklahoma and a 2016 10th Circuit opinion.[2] Neither of them support Defendants' continued misconstruction of the effect of joint and several liability at this stage.

In the 2014 decision, the Eastern District of Oklahoma granted a motion to dismiss because, unlike Plaintiffs' Second Amended Complaint herein, plaintiffs in that case made "generalized, conclusory assertions of their claimed injuries." *Reece v. AES Corp.,* No. CIV-12-0457-JH, 2014 U.S. Dist. LEXIS 2236, at *39 (E.D. Okla. Jan. 8, 2014). And in fact, with respect to joint and several liability, the opinion only mentioned that was not an issue they did not need to address at the motion to dismiss stage *because* "joint and several

---

[2] *Reece v. AES Corp.,* No. CIV-12-0457-JH, 2014 U.S. Dist. LEXIS 2236 (E.D. Okla. Jan. 8, 2014) and *Reece v. AES Corp.*, 638 F. App'x 755 (10th Cir. 2016), respectively.

doctrine apportions, rather than creates, liability." *Id.,* at n.25. The 10th Circuit generally affirmed the Eastern District's ruling but without specifically addressing any issue of joint and several liability. *See, generally,* 638 F. App'x 755 (10th Cir. 2016).

The issue of *how* liable a Defendant is with respect to a particular claim – even in cases with multiple defendants – is a question for the jury – at a different procedural point in the case. Oklahoma law has disposed of joint liability and thus, Defendants will no longer be lumped together on the verdict form. In fact, the instructions and verdict forms in OUJI 9.34 and OUJI 9.36 are clear that the jury must "fill in some percentage of negligence" for any or all Defendants (OUJI 9.34), or if applicable, for any or all Defendants or any non-party (OUJI 9.36).[3]

**Leave to Amend**. Although Plaintiffs disagree that they have failed to make a formal request to amend should the Court find deficiencies, it is well within the Court's discretion to allow amendments as necessary "when justice so requires." FRCP 15. Defendants' arguments to this effect presume that the Court will find Plaintiffs' Second Amended Complaint deficient. Given the complexity and breadth of the Amendments made by Plaintiffs, any deficiencies would likely be narrow and heavily dependent upon the Court's specific analysis. Plaintiffs believe they have met their burden, but the nature of this litigation is distinct from the myriad cases mentioned by Defendants. For that

---

[3] Several Defendants briefly allude to "unnamed" parties (defendants). Although no motion to join indispensable parties has been made as contemplated by Federal Rules of Civil Procedure 19 and 23.

reason, the issue of further Amendments should be addressed only if the need arises from the Court's ruling.

                                                  Respectfully submitted,

                                                  /s/ Ray Maples

Ray Maples, OBA #18586
Glendell Nix, OBA #13747
Maples, Nix & Diesselhorst, PLLC
15401 North May Avenue
Edmond, Oklahoma 73013
Telephone: (405) 478-3737
Facsimile: (405) 513-5005
Email:    ray@mndlawfirm.com
          glendell@mndlawfirm.com

– AND –

/s/ Edward L. White

Edward L. White, OBA #16549
Kerry D. Green, OBA #31998
Edward L. White, P.C.
829 East 33rd Street
Edmond, Oklahoma 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
Email:    ed@edwhitelaw.com
          kerry@edwhitelaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

     This certifies that on December 18, 2017, I electronically transmitted the above document to the Clerk of the Court using the CM/ECF system for filing. Accordingly, a Notice of Electronic Filing will be automatically sent to counsel having entered an appearance in the case on behalf of a Defendant.

                                                /s/Edward L. White