# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA WEST et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-16-264-F |
| | ) |
| | ) |
| CHAPARRAL ENERGY, LLC. et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CHAPARRAL ENERGY, L.L.C.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF

Plaintiffs filed a supplemental brief in opposition to the pending motions to dismiss on December 18, 2017. Doc. #321. The first page or so of Plaintiffs' supplemental brief discusses four earthquakes that allegedly occurred on October 31 – November 2, 2017 near Jacks, Oklahoma (dubbed the "Jacks Swarm" by Plaintiffs), as well as certain actions allegedly taken by the Oklahoma Corporation Commission ("OCC") and Defendant Chaparral Energy, L.L.C. following those earthquakes. The remainder of the brief is in the nature of sur-reply that responds to arguments raised by Chaparral and other Defendants in prior briefing.[1] Chaparral has sufficiently briefed the latter issues previously, and so this response is directed only at the new material contained in Plaintiffs' supplemental brief regarding the Jacks Swarm.

---

[1] When they asked the Court for leave to file a supplemental brief, Plaintiffs only requested leave to "address recent earthquakes around Jacks, Oklahoma (between Dover and Hennessey) and the response of the Oklahoma Corp[oration] Comm[ission] ('OCC') to same." Doc. #319. Plaintiffs did not ask for leave to respond to other issues or arguments. *See generally id.* Yet, most of their supplemental brief addresses issues unrelated to the Jacks Swarm.

Plaintiffs' supplemental brief adds nothing significant to the mix regarding Chaparral's and other Defendants' motions to dismiss.  First, the Jacks Swarm and subsequent events that occurred in October and November 2017 are irrelevant to the legal sufficiency of the Second Amended Complaint and should be disregarded.  Second, Plaintiffs' new material does not cure the deficiencies of their claims against Chaparral, even if it is considered by the Court when ruling on the present motions.  Plaintiffs' claims against Chaparral should be dismissed.

A.  **The "Jacks Swarm" and subsequent events are categorically irrelevant to whether the Second Amended Complaint plausibly states a claim against Chaparral or any other Defendant.**

Plaintiffs' Second Amended Complaint was filed on July 18, 2017.  Doc. #272.  Chaparral's and other Defendants' motions to dismiss and to strike place at issue the legal sufficiency of that pleading under Rules 8(a) and 12(b)(6).  *See generally* Doc. Nos. 277-87.  Events that allegedly occurred more than three months after that complaint was filed cannot affect its legal sufficiency.  The Court should not consider alleged factual matter contained in Plaintiffs' briefs but not alleged in the Second Amended Complaint when ruling on the present motions to dismiss.  *E.g., Maher v. Oklahoma*, 165 F. Supp. 3d 1089, 1093 (W.D. Okla. 2016) (disregarding similar statements in the plaintiff's brief due "to limits imposed by rule 12(b)(6)" and because such "argument contravenes LCvR7.1(j)"); *accord Rezac Livestock Comm'n Co. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1164 (D. Kan. 2017) ("The court does not consider allegations made in parties' briefs when deciding a motion to dismiss.").  Therefore, the Court should disregard the

new material in Plaintiffs' supplemental brief regarding the Jacks Swarm when ruling on the presently pending motions.

B.  **Even if such material is considered by the Court, Plaintiffs' newly raised material regarding the Jacks Swarm does not save Plaintiffs' claims against Chaparral.**

It is undisputed that the Second Amended Complaint only seeks to impose liability on Chaparral for events occurring after Chaparral emerged from bankruptcy on March 21, 2017.  *See* Sec. Am. Compl., Doc. #272, ¶¶ 17, 109; Chaparral Reply, Doc. #307, pp. 1-2.  However, the Second Amended Complaint does not allege that Chaparral's post-bankruptcy conduct allegedly caused any earthquake that allegedly caused any named Plaintiff to suffer damages.  *See* Chaparral Mot. to Dismiss, Doc. #285, pp. 13-14; Chaparral Reply, Doc. #307, pp. 2-3.  Presumably, Plaintiffs' invocation of the Jacks Swarm is an effort to cure this deficiency.  Plaintiffs' effort falls short.

In their supplemental briefs, Plaintiffs contend the first of the Jacks earthquakes that occurred on October 31, 2017 "was perceived as a Modified Mercali ("MM") 3 in both Edmond and Guthrie, where named plaintiffs reside."  Doc. #321, p.1.  The supplemental brief does not, however, say whether the named Plaintiffs actually felt that earthquake, or (more importantly) whether that or any other Jacks earthquake actually caused them to suffer damages to their person or property and, if so, what those damages are.  This is information Plaintiffs should know.

Plaintiffs also contend the Jacks earthquakes "illustrate[] that . . . Chaparral's post-bankruptcy operations have caused an increased risk in the occurrence of significant earthquakes . . ."  Doc. #321, p.2.  But an increased risk of earthquakes is not itself

compensable[2]—there must be some other, concrete injury to Plaintiffs' persons or property in order for Plaintiffs to recover damages. Moreover, even if the Court concludes otherwise, nothing in Plaintiffs' submissions plausibly suggests Chaparral is causing an increased risk of harm *to the named Plaintiffs*.[3]

Plaintiffs' new contentions regarding the Jacks earthquakes fare no better than their allegations in the Second Amended Complaint concerning the earthquakes that allegedly occurred southwest of Cherokee after March 21, 2017. Doc. #272, ¶ 109; *see also* Chaparral Mot., Doc. #285, pp. 13 -14 (explaining why the allegations concerning the post-bankruptcy Cherokee earthquakes are deficient). Without "specific allegations of harm to their persons or property" that are plausibly attributable to Chaparral's post-bankruptcy conduct, Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted against Chaparral. *See, e.g., Reece v. AES Corp.*, No. CIV-

---

[2] Ordinarily, a defendant's activity may be prospectively enjoined if the plaintiff is able to prove by clear and convincing evidence that, among other things, the defendant's activity poses a substantial, imminent risk of harm to the plaintiff for which there is no adequate legal remedy. *See, e.g., Sharp v. 251st St. Landfill, Inc.*, 925 P.2d 546, 549 (Okla. 1996), overruled on other grounds by *DuLaney v. Okla. State Dept. of Health*, 868 P.2d 676 (Okla. 1993). Plaintiffs admit, however, that the Oklahoma legislature has vested exclusive jurisdiction over the regulation of injection wells in the OCC. *See* Doc. #202, p.40. Presumably for that reason, Plaintiffs do not seek to enjoin the operation of any injection wells. As a result, Plaintiffs' only potentially available remedy is to seek compensation *after* an injury occurs.

[3] The only claims at issue here are the named Plaintiffs' claims. To paraphrase the Court's language from another case (which is admittedly used in a different context here), the named Plaintiffs are not allowed to proceed as oil patch ombudsmen, litigating claims on behalf of other property owners that they themselves do not have. *Cf. Foster v. Merit Energy Co.*, 289 F.R.D. 653, 660 (W.D. Okla. 2012) ("But Rule 23 (to say nothing of the doctrines of Article III standing and prudential standing) does not permit plaintiff to proceed as an oil patch ombudsman, litigating the legal meaning of lease language that has not been shown to be materially indistinguishable from hers.").

12-0457-JH, 2014 WL 61242, at *9 (E.D. Okla. Jan. 8, 2014) (dismissing amended complaint for lack of specific damages allegations), *aff'd* 638 Fed. App'x 755 (10th Cir. 2016) (unpublished).

## Conclusion

For the reasons discussed above and in Chaparral's prior briefing, the Court should dismiss Plaintiffs' claims against Chaparral without leave to amend.

Respectfully submitted:

*/s/ Timothy J. Bomhoff*
Timothy J. Bomhoff, OBA #13172
J. Todd Woolery, OBA #18882
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
tim.bomhoff@mcafeetaft.com
todd.woolery@mcafeetaft.com
patrick.stein@mcafeetaft.com

**Attorneys for Defendants Chaparral Energy, LLC and Range Production Company, LLC**

## Certificate of Service

  This certifies that on December 27, 2017, I electronically transmitted the above document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

              */s/ Timothy J. Bomhoff*
              Timothy J. Bomhoff