# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA WEST, et al., | ) |
| Plaintiffs, | ) ) ) |
| -vs- | ) Case No. CIV-16-264-F ) |
| WHITE STAR PETROLEUM, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

The court is in receipt of defendant, White Star Petroleum LLC's Notice of Bankruptcy (doc. no. 372).

The notice advises that on May 24, 2019, an involuntary petition for chapter 11 bankruptcy was filed against defendant in the United States Bankruptcy Court for the Western District of Oklahoma, and on May 28, 2019, a voluntary petition for Chapter 11 bankruptcy was filed by defendant in the United States Bankruptcy Court for the District of Delaware. As a result, the action of plaintiffs against defendant, White Star Petroleum, LLC, is stayed pursuant to 11 U.S.C. § 362.

While section 362 of title 11 of the United States Code extends the stay provisions of the Bankruptcy Code to the "debtor," the rule followed in the Tenth Circuit and by the majority of other circuit courts is that the stay provision does not extend to the debtor's co-defendants. *See*, Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984). A narrow exception to this rule has been recognized, *see*, A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986), but there is no indication in the notice that any of the

remaining defendants would fall within the exception. Therefore, until otherwise notified, plaintiffs' action continues as against the remaining defendants.[1]

IT IS SO ORDERED this 31st day of May, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0264p069.docx

---

[1] The court notes that plaintiffs' action against defendant, EastOK Pipeline LLC, is also stayed pursuant to § 362 because of chapter 11 bankruptcy proceedings. *See*, order dated August 15, 2018 (doc. no. 330).