# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA WEST, STORMY HOPSON, AUBURN & DOUGLAS CLOYES, DELL LIVSEY, JULIA & DALE WHITE, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-16-264-F |
| CHESAPEAKE OPERATING, LLC, EASTOK PIPELINE, LLC, EQUAL ENERGY U.S., INC., FAIRFIELD OIL & GAS CORP., NEW DOMINION, LLC, PHOENIX OIL & GAS, INC., TRANSPRO ENERGY, LLC, AND WHITE STAR PETROLEUM, LLC f/d/b/a AMERICAN ENERGY WOODFORD, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is Plaintiffs' Motion and Brief for Leave to File Their Third Amended Complaint, filed April 5, 2019. Doc. no. 367. Defendants, White Star Petroleum, LLC, Equal Energy U.S., Inc., and Fairfield Oil & Gas Corp., have responded in opposition to the motion,[1] and plaintiffs have replied. Upon due

---

[1] After the filing of defendants' response, Chapter 11 bankruptcy proceedings were commenced by and against defendant, White Star Petroleum, LLC. *See*, doc. no. 372. Plaintiffs' action against defendant has been stayed pursuant to 11 U.S.C. § 362. *See*, doc. no. 373.

consideration of the parties' submissions, including Plaintiffs' Supplemental Brief Re. Doc. 367 (doc. no. 369), and the relevant law, the court makes its determination.

Background

On February 18, 2016, plaintiffs, Lisa West and Stormy Hopson, individually and on behalf of a proposed plaintiff class of Oklahoma property owners, commenced this action in the District Court of Pottawatomie County, State of Oklahoma. The action was brought against fifteen defendants and a proposed defendant class of companies operating wells injecting wastewater into the Arbuckle formation. The proposed class area included Pottawatomie County and seven surrounding counties. Plaintiffs alleged that defendants' injection of wastewater had induced or triggered earthquakes and would continue to do so, even if injection of wastewater was immediately stopped. According to plaintiffs' petition, three earthquakes of 5.0 to 5.7 magnitude had occurred in and around Prague, Oklahoma in November of 2011. Plaintiffs asked for injunctive relief requiring defendants and the defendant class to reimburse them for earthquake insurance premiums – both prospectively and retrospectively.

The action was removed to this court by defendant, Berexco, LLC, alleging the existence of subject matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). That defendant and two other defendants were subsequently dismissed by plaintiffs. Thereafter, plaintiffs filed a motion to remand. Plaintiffs acknowledged that defendant Berexco, LLC, had established in its notice of removal the baseline facts required for removal under CAFA. However, plaintiffs requested the court to decline to exercise subject matter jurisdiction under CAFA based upon the "local controversy exception," the "home state exception," or the "discretionary exception." The court rejected the application of the "local controversy exception," but it ordered an evidentiary hearing with respect to the "home state exception" and the "discretionary exception." An evidentiary hearing

2

was held but not completed. After the court set an additional evidentiary hearing, plaintiffs filed a notice withdrawing their remand motion. In that notice, plaintiffs advised that defendants had consented to the filing of an amended complaint. Upon receipt of the notice, the court struck the remand motion and the evidentiary hearing. Plaintiffs then filed their amended complaint.[2] The amended complaint added seven new defendants, including Chaparral Energy, LLC (Chaparral), Devon Energy Production Co., LP (Devon), Sandridge Exploration & Production, LLC (Sandridge) and White Star Petroleum, LLC, f/d/b/a American Energy Woodford, LLC (White Star) and expanded the class area to 26 counties in Oklahoma. In addition to injunctive relief, plaintiffs requested compensatory and declaratory relief. The pleading asserted the same tort claims alleged in the original petition – private nuisance, ultrahazardous activity, negligence and trespass. As was the case with the original petition, the named plaintiffs' claims arose out of the Prague earthquakes which occurred in November 2011.

Defendants moved to dismiss the amended complaint on various grounds. The court held a hearing with respect to defendants' dismissal motions. The court granted defendant Sandridge's motion, concluding that plaintiffs had failed to set forth any allegations relating to that defendant after the effective date of its bankruptcy discharge. The court granted dismissal of the claims against all other defendants on the issue of causation. Specifically, the court found that plaintiffs had not pleaded facts to plausibly establish causation – that defendants' alleged injection well activities caused any earthquake that caused damage to the named plaintiffs.

---

[2]In light of the filing of the amended complaint, motions to dismiss filed by defendants challenging the original petition were denied as moot.

The court also dismissed plaintiffs' request for injunctive relief.[3] However, the court granted plaintiffs leave to file a second amended complaint.

As permitted, plaintiffs filed their second amended complaint. The pleading dismissed six original defendants and added five new plaintiffs, Auburn Cloyes, Douglas Cloyes, Del Livsey, Julie White and Dale White. Plaintiffs alleged that defendants' injection of wastewater had caused earthquakes occurring in and around central and western Oklahoma. They described six separate earthquake swarms, Prague,[4] Edmond,[5] Crescent,[6] Fairview/Cherokee,[7] Pawnee[8] and Cushing[9] that one or more of the named defendants allegedly caused. In describing the earthquake swarms, plaintiffs listed additional companies, who were not named as defendants but allegedly caused the swarms. The same tort theories as alleged in the original

---

[3] Some defendants had also challenged plaintiffs' claims as barred by the statute of limitations. The court rejected that challenge, concluding that the amended complaint did not make clear that the named plaintiffs' right to sue had been extinguished. The court determined that the discovery rule may well apply to plaintiffs' claims and the amended complaint did not clearly indicate that plaintiffs, through the exercise of due diligence, would have known before February 16, 2014 that wastewater from the injection wells could have been the cause of the Prague earthquakes. *See*, doc. no. 267, pp. 28-30.

[4] Plaintiffs alleged that there were more than 11 earthquakes in the Prague area greater than 3.5 magnitude between November 5 and December 25, 2011. The biggest earthquake was a 5.7 magnitude on November 6, 2011.

[5] Plaintiffs alleged that a 4.5 magnitude earthquake struck near Edmond, Oklahoma on December 7, 2013 and more than 20 additional earthquakes of at least 3 magnitude occurred in the Edmond area from November 2013 to February 2014.

[6] Plaintiffs alleged that a series of earthquakes struck near Crescent, Oklahoma including a 4 plus magnitude on November 19, 2015 and a 4.2 magnitude on March 9, 2016.

[7] Plaintiffs alleged that from November 2015 to February 2016, there were four large earthquakes near Fairview, Oklahoma and Cherokee, Oklahoma. The largest was a 5.1 magnitude on February 13, 2016 and there were 4.7 magnitude earthquakes on November 19 and 30, 2015 and January 7, 2016.

[8] Plaintiffs alleged the largest known earthquake in Oklahoma's history occurred near Pawnee on September 3, 2016. It was a 5.8 magnitude earthquake.

[9] Plaintiffs alleged that a 5.0 magnitude earthquake occurred near Cushing, Oklahoma on November 7, 2016.

petition and the amended complaint were alleged in the amended pleading. Plaintiffs proposed certification of a plaintiff class of "[a]ll persons owning an interest in real property in the Class Area from 2011 through the time the Class is certified." Doc. no. 272, ¶ 112. They expanded the class area to 28 counties in Oklahoma. Plaintiffs proposed three subclasses – an insured subclass, a damage subclass and a nuisance subclass. Plaintiffs also proposed certification of a defendant class consisting of "[a]ll persons operating an underground injection well disposing of wastewater into the Arbuckle formation, or another formation shown to have caused an earthquake, in the Class Area from 2011 through time the Class is certified." *Id*. at ¶ 129. According to plaintiffs, there could be as many as 175 injection well operators in the proposed defendant class.

Defendants filed motions to dismiss the second amended complaint. In a written order dated August 13, 2018, the court granted the motions to dismiss of defendants, Chaparral, Sandridge, Devon, Range Production Company, LLC, and Oklahoma Oil and Gas Management, Inc., in their entirety. The court granted defendant New Dominion, LLC's motion to dismiss as to plaintiffs' claims based upon the Edmond earthquake swarm as well as defendant White Star's motion to dismiss based upon the Crescent earthquake swarm. The court further granted the motions to dismiss challenging plaintiffs' request for reimbursement of insurance premiums and struck the allegations and requested relief relating to the insured subclass. Several remaining defendants had also filed motions to strike the class allegations. By order dated August 16, 2018, the court granted the motions to strike, finding that the class allegations did not satisfy the commonality and predominance requirements of Rule 23, Fed. R. Civ. P. The court struck the class allegations with respect to the remaining moving and nonmoving defendants. Plaintiffs sought interlocutory review by the Tenth Circuit of the court's order striking the class allegations, but that request was denied.

Answers were filed to the second amended complaint and the court set the case for a status and scheduling conference. In the Joint Status Report and Discovery Plan, plaintiffs stated that "[i]n view of the Court's Order striking the class allegations [Doc. 331], [] Plaintiffs claim that CAFA jurisdiction is no longer proper, and Plaintiffs plan to contest jurisdiction." Doc. no. 350, ¶ 2. They also represented that they "anticipate filing a motion to remand. If that is unsuccessful, Plaintiffs expect to seek leave to dismiss their claims without prejudice." *Id*., ¶ 6. The court discussed the remand issue with the parties at the status and scheduling conference. It allowed plaintiff to file a motion to remand within two weeks and declined to put the case on a schedule until the remand issue was resolved.

Plaintiffs timely filed their motion to remand. They argued that the court's order striking the class allegations made clear that subject matter jurisdiction never existed under CAFA. According to plaintiffs, the court essentially ruled that the class allegations were frivolous. In an alternative to remand, plaintiffs asked the court for leave to add named plaintiffs who would make claims from one of the earthquake swarms that continued to be at issue in the case.

The court held a hearing on plaintiffs' motion. The court denied remand. The court concluded that CAFA jurisdiction existed at the time of removal, and in striking the class allegations, it made no determination that the class allegations were frivolous. As to the alternative request, the court determined that plaintiffs had failed to comply with the court's local civil rules requiring any motion to amend to attach the proposed amended pleading. However, the court granted plaintiffs leave to file another motion to join additional plaintiffs, attaching the proposed amended pleading. At the hearing, the court stated that it presumed that the motion to amend would not involve any additional defendants but nonetheless inquired of plaintiffs' counsel as to whether the motion would involve any additional defendants. Counsel responded: "I think that's right, Your Honor, I think it will be just plaintiffs. And I

6

suspect it will be – the substantive allegations will be identical and just be new plaintiffs with particulars about their situations." Doc. no. 368, p. 20, ll. 7-10.

In their motion for leave to file a third amended complaint, plaintiffs seek to add ten new plaintiffs, Carol Fadaiepour, Vali Fadaiepour, Julie A. Holbrook-Frias, Carol Jensen, Chris Leavitt, Teri Newby, Cole Newby, Carl Searcy, Joe Sochor and Teresa Lynn Sochor. They also seek to add over 40 defendants, including Devon and Oklahoma Oil and Gas Management, Inc. who were previously dismissed pursuant to Rule 12(b)(6). In their proposed third amended complaint, plaintiffs include allegations based upon newly identified earthquakes occurring in 2017, 2018 and 2019 and allege claims relating to the Edmond earthquake swarm and the Crescent earthquake swarm. Plaintiffs also include class allegations for a proposed plaintiff class and a defendant class.

According to plaintiffs, the new defendants are necessary in view of Rule 19, Fed. R. Civ. P. Plaintiffs claim that the proposed amended pleading is consistent with the court's order addressing the second amended complaint and state that they do not reassert any claims against the bankrupt defendants, Sandridge and Chaparral, or any claims relating to the Fairview/Cherokee swarm.[10] They allege in their proposed pleading that the class allegations are included to provide notice of their intent to reassert class claims if justified after the exchange of expert reports.

Defendants, White Star, Equal Energy, U.S., Inc., and Fairfield Oil & Gas Corp., oppose the motion. They contend that the newly named defendants are not necessary parties that must be joined under Rule 19. They assert that the claims against these defendants are futile because they are barred by the statute of limitations. Defendants also argue that the proposed amended pleading is highly

---

[10] Although plaintiffs purportedly do not allege any claims against Sandridge and Chaparral or any harm from the Fairview/Cherokee swarm, the allegations relating to Sandridge, Chaparral and the Fairview/Cherokee swarm remain in the proposed third amended complaint.

7

prejudicial to them and is unduly delayed. At some point, defendants argue, the pleading cycle must end, to allow discovery to commence and the merits of the claims alleged against the current defendants to be addressed.

Discussion

Rule 21, Fed. R. Civ. P., provides that "[o]n motion or its own, the court may at any time, on just terms, add or drop a party." Although Rule 21 – dealing with misjoinder and nonjoinder of parties – permits the court to add a party at any time, Rule 15(a), Fed. R. Civ. P., specifically governs the addition of a party. U.S. ex. rel. Precision Co. v. Koch Industries, Inc., 31 F.3d 1015, 1018 (10th Cir. 1994). It also governs the amendment of the pleadings. Because plaintiffs have twice amended their complaint, Rule 15 instructs that plaintiffs may amend their pleading "only with the opposing party's written consent or the court's leave." It also instructs that "[t]he court should freely give leave when justice so requires." However, whether to grant leave to amend is within the discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny leave to amend upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

*New Defendants*

Plaintiffs seek to add over 40 new defendants, claiming that they are necessary in view of Rule 19, Fed. R. Civ. P. However, contrary to plaintiffs' arguments, the new defendants are not necessary parties to this action. Even if the proposed new defendants are potential joint tortfeasors, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."

8

Temple v. Synthes Corp., Ltd., 498 U.S. 5, 6 (1990). [11] The court thus rejects plaintiffs' argument that the addition of the new defendants is required under Rule 19.

Next, plaintiffs contend that the new defendants should be added "in further view of the fact that the putative defendant class was stricken." Doc. no. 367, p. 1. However, the court notes that even though plaintiffs were aware that the court had stricken the putative defendant class, plaintiffs did not request leave to add defendants when making their alternative request in the motion to remand. They only requested leave to add plaintiffs.[12] Further, at the remand hearing, they represented to the court that they would only be seeking to add plaintiffs. Without any further explanation in the motion, plaintiffs now maintain that the new defendants, including Devon and Oklahoma Oil and Gas Management, Inc. who were previously dismissed, should be added to the lawsuit.

The court finds that the addition of the new defendants would be unduly prejudicial to the current defendants. Their addition would clearly affect the course of this action. Plaintiffs will have to obtain service of process upon the new defendants. And the court is convinced that another round of motions to dismiss under Rule 12(b)(6), Fed. R. Civ. P., would be filed. Despite plaintiffs' arguments, the statute of limitations bar would present a serious question with respect to the new defendants. The court would be required to review and consider numerous briefs to

---

[11] In their response, defendants argue that under 23 O.S. § 15(A), the new defendants' liability for damages for the alleged tort claims would be several rather than joint. Section 15(A) provides "[i]n any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only . . . ." 23 O.S. § 15(A). Given the Supreme Court's ruling regarding joint tortfeasors, the court need not decide for purposes of this motion whether the new defendants' liability for each of plaintiffs' claims would be several under section 15(A).

[12] The court also notes that in the Joint Status Report and Discovery Plan, plaintiffs represented that if their motion to remand was unsuccessful, they expected to seek leave to dismiss their claims without prejudice. No mention was made of joining any additional parties.

make its rulings. Most likely, the addition of the new defendants would result in delay of discovery for the current defendants until the middle of 2020. This action was commenced in 2016. The current defendants have been involved in three rounds of motions to dismiss and two rounds of motions to remand. The claims of the first two named plaintiffs, Lisa West and Stormy Hobson, are based upon earthquakes occurring in November of 2011, almost eight years ago. Further, over 20 of the new defendants are being added for claims relating to the Edmond earthquake swarm and the Crescent earthquake swarm. With the court's August 13, 2018 order granting the motions to dismiss with respect to those swarms, there are no existing claims based upon the Edmond earthquake swarm and the Crescent earthquake swarm. Adding the Edmond and Crescent earthquake swarms back into this action greatly complicates the action for the current defendants.[13] The court therefore declines to exercise its discretion to allow the addition of the new defendants by the filing of a third amended complaint. This includes Devon and Oklahoma Oil and Gas Management, Inc.[14]

*New Plaintiffs*

*Holbrook-Frias, Leavitt, Newbys and Sochors*

Plaintiffs seek leave to add Julia A. Holbrook-Frias, Chris Leavitt, Teri Newby, Cole Newby, Joe Sochor and Teresa Lynn Sochor as additional plaintiffs. These proposed plaintiffs reside in Edmond or Guthrie. Plaintiffs seek to join them to allege claims based upon the Edmond earthquake swarm or the Crescent

---

[13] The court anticipates that motions to dismiss would be filed with respect to newly alleged 2018 Crescent earthquakes and the newly alleged 2015, 2017 and 2019 Edmond earthquakes, as pled, based upon the issue of causation. This would also result in delay of the action.

[14] With respect to Devon and Oklahoma Oil and Gas Management, Inc., the court additionally concludes that plaintiffs should not be permitted to bring these parties back into the action after the court has twice dismissed plaintiffs' claims against them. Plaintiffs failed to cure the deficiencies of their claims by the amendments previously allowed.

10

earthquake swarm. As previously discussed, no claims relating to the Edmond earthquake swarm and the Crescent earthquake swarm are currently pending in this action, due to the court's August 13, 2018 order. All claims involving those swarms were dismissed by the court pursuant to Rule 12(b)(6). The claims based on the Edmond and Crescent earthquake swarms were the only claims alleged against Devon and Oklahoma Oil and Gas Management, Inc. and those companies were dismissed completely from the lawsuit. The court, as discussed, is not permitting plaintiffs to add any of the new proposed defendants, including Devon and Oklahoma Oil and Gas Management, Inc. Therefore, the addition of the new plaintiffs' claims based upon the Edmond and Crescent earthquake swarms would be futile.

The court recognizes that claims involving the Edmond and Crescent earthquake swarms were also alleged against current defendants, New Dominion and White Star. These defendants remain in the lawsuit because of other alleged earthquake swarms. Although they remain as defendants, the court concludes that plaintiffs should not be allowed to add the Fadaiepours, Holbrook-Frias, Leavitt, the Newbys, or the Sochors as additional plaintiffs to bring claims relating to the Edmond and Crescent earthquake swarms against New Dominion and White Star. Plaintiffs were aware, as a result of the court's dismissal of the amended complaint that the second amended complaint needed to allege that defendants' injection well activities caused the alleged harm to plaintiffs. Consequently, the second amended complaint added new plaintiffs and made allegations regarding six earthquake swarms, including the Edmond and Crescent earthquake storms. However, none of the new plaintiffs added to the second amended complaint were damaged because of the Edmond and Crescent earthquake storms. In their motion to amend, plaintiffs have not proffered any explanation why the new proposed plaintiffs could not have been added at the time of the second amended complaint. The court concludes that,

as a matter of basic fairness and orderly procedure, the proposed addition of any claims by these new plaintiffs against defendants, New Dominion and White Star, simply comes too late. Further, as previously noted, Chapter 11 proceedings have been commenced by and against White Star. The commencement of new claims against it is subject to the automatic stay under 11 U.S.C. § 362. *See*, 11 U.S.C. § 362 (filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement . . . of a judicial . . . action."). Therefore, the court finds that plaintiffs should not be allowed to add new plaintiffs to allege claims based upon the Edmond and Crescent earthquake swarms against defendants, New Dominion and White Star.

In sum, the court concludes that plaintiffs should not be allowed to join as additional plaintiffs, Julia A. Holbrook-Frias, Chris Leavitt, Teri Newby, Cole Newby, Joe Sochor and Teresa Lynn Sochor.

*Searcy*

Plaintiffs also seek to add Carl Searcy (Searcy) as a new plaintiff. Searcy resides in Ponca City, Oklahoma. According to the proposed third amended complaint, Searcy felt the 5.8 Pawnee earthquake on September 3, 2016 and suffered damage to the interior of his home and the outside patio area. Consequently, plaintiffs seek to add Mr. Searcy to allege claims based upon the Pawnee earthquake swarm.

The court concludes that plaintiffs should not be permitted to add Searcy as a plaintiff. As discussed, the court has not granted leave to add any new defendants. Therefore, the only defendants sued with respect to the Pawnee earthquake swarm are EastOK Pipeline, LLC and White Star. Like White Star, EastOK Pipeline, LLC is involved in Chapter 11 proceedings. Doc. no. 329. Plaintiffs' action against both companies is also stayed pursuant to 11 U.S.C. § 362. Doc. nos. 330 and 373. Allowing Searcy to allege claims against those companies would violate the

automatic stay of § 362. Thus, the court declines to permit plaintiffs to add Searcy as a new plaintiff to this action.

*Fadaiepours*

In addition, plaintiffs seek to add Carol Fadaiepour and Vali Fadaiepour (the Fadaiepours) as new plaintiffs. The Fadaiepours reside in Edmond, Oklahoma. The proposed third amended complaint alleges that the Fadaiepours felt the 4.5 Edmond earthquake on December 7, 2013, an unidentified 4.3 earthquake on December 29, 2015, the 5.0 Cushing earthquake on November 7, 2016 and the 4.5 Crescent earthquake on July 27, 2015. From the allegations, it appears that the Fadaiepours are added to allege claims based upon the Edmond, Cushing and Crescent earthquake swarms.

The court concludes that the Fadaiepours should not be permitted to be added as new plaintiffs. For the reasons previously discussed, the court concludes that plaintiffs should not be permitted to add the Fadaiepours to allege claims based upon the Edmond and Crescent earthquake swarms.

As to adding the Fadaiepours to allege claims based upon the Cushing earthquake swarm, the court notes that the only defendant who has been sued on that swarm is White Star. Allowing the Fadaiepours to allege claims against White Star would violate the automatic stay of § 362. Further, the court has not granted plaintiffs leaves to add any new defendants. Consequently, the court declines to permit the Fadaiepours to be added as new plaintiffs to allege claims based upon the Cushing earthquake swarm.

*Jensen*

Lastly, plaintiffs seek to add Carol Jensen as a plaintiff. Jensen resides in Oklahoma City, Oklahoma. The proposed third amended complaint alleges that Jensen felt the 3.1 Edmond earthquake on December 7, 2013, the 5.7 Prague earthquake on November 6, 2011 and the 5.8 Pawnee earthquake on September 3,

2016. Hence, plaintiffs seek to add Jensen to allege claims based upon the Edmond earthquake swarm, the Prague earthquake swarm and the Pawnee earthquake swarm.

For the reasons previously discussed, the court concludes that plaintiffs should not be permitted to add Jensen to allege claims based upon the Edmond and Pawnee earthquake swarms. As to adding Jensen to allege claims based upon the 2011 Prague earthquake swarm, the court notes that, due to the §362 stay, Jensen cannot assert any claims against White Star. As to any claims against Equal Energy US, Inc., Fairfield Oil & Gas Corp. or New Dominion, LLC, plaintiffs, in their motion to amend, have not proffered any explanation why Jensen could not have been added at the time of the second amended complaint. The court concludes that the addition of Jensen is unduly delayed. And without any proffered explanation as to why Jensen has not been previously included for the 2011 Prague earthquake swarm, the court concludes that plaintiffs should not be permitted to add Jensen as an additional plaintiff at this juncture in this 2016 case.

In sum, the court declines to exercise its discretion to allow plaintiffs to add the proposed new plaintiffs by the filing of a third amended complaint. Because the court is not allowing the addition of the new defendants or the new plaintiffs, the court finds that plaintiffs' motion for leave to file their third amended complaint should be denied.

Conclusion

Based upon the foregoing, Plaintiffs' Motion and Brief for Leave to File Their Third Amended Complaint, filed April 5, 2019 (doc. no. 367) is **DENIED**.

In case anyone has missed it, the court will make its intent clear: It is high time to get this 2016 case past the pleading stage. If the plaintiffs now in this case have meritorious claims against the defendants now in this case, they deserve their day in court so that they may recover the recompense that is their due. By the same token, if the plaintiffs' claims lack merit, the defendants are entitled to an

14

adjudication to that effect, so that they can get on with their operations without this case hanging over their heads. In either eventuality, the parties and the public are entitled to expect that the court will, at long last, do its duty with a view to "the just, speedy, and inexpensive determination" of this action. Rule 1, Fed.R.Civ.P.

    IT IS SO ORDERED this 3rd day of June, 2019.

_STEPHEN P. FRIOT_
UNITED STATES DISTRICT JUDGE

16-0264p008 rev .docx